UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-60968-CIV-COHN/SELTZER

DANIEL TURNER,

    Plaintiff,

v.

MATADOR ARGENTINIAN
STEAKHOUSE, CORP., a Florida
corporation,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint [DE 12]. The Court has considered the Motion, Plaintiff's Response [DE 13], Defendant's Reply [DE 14], and the record in this case, and is otherwise advised in the premises.

### I. BACKGROUND

Plaintiff brings this action based on Defendant's alleged violations of the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681c(g). The Complaint alleges that Defendant violated FACTA by providing him with an electronically printed credit card receipt that contained (1) more than the last five digits of his credit card number, and (2) the expiration date of his credit card. (Compl. ¶ 14; see also Exhibit A to Compl.) FACTA states that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or

the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g).  In its Motion, Defendant argues that the Complaint should be dismissed because Plaintiff's claim is based upon a "merchant copy" of Plaintiff's credit card receipt and, therefore, the "receipt upon which Plaintiff bases his claim was not provided to him" as required by the statute.  (Def.'s Mot. at 1.)

## II. LEGAL STANDARD

In order to state a claim, Fed. R. Civ. P. 8(a)(2) requires only "a short plain statement of the claim showing that the pleader is entitled to relief," so as to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (citations omitted).  At this stage in the litigation, the Court must consider the allegations in the Complaint as true, and accept all reasonable inferences therefrom. Jackson v. Okaloosa County, Fla., 21 F.3d 1531, 1534 (11th Cir. 1994). The Court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

## III. ANALYSIS

The dispositive issue before the Court is whether a "merchant copy" of a credit card receipt is included within the language of the relevant FACTA provision that prohibits anyone engaging in a business transaction to "print more than the last 5 numbers of the card number or the expiration date upon <u>any receipt provided to the cardholder</u> . . . ." 15 U.S.C. § 1681c(g) (emphasis added). Defendant's Reply points out that this precise issue was addressed in a "factually identical" case Plaintiff brought against a different defendant in <u>Turner v. Ben & Gabby's Inc.</u>, Case No. 08-61033-CIV-UNGARO. (Def.'s Reply at 1.) In that case, Judge Ungaro granted a motion to dismiss and denied a subsequent motion for reconsideration holding that (1) the plain language of the relevant FACTA provision, § 1681c(g), is unambiguous, and (2) a "merchant copy cannot be said to be 'provided to the cardholder' because the cardholder is supposed to return the merchant copy to the merchant." <u>Ben & Gabby's</u>, Case No. 08-61033-CIV-UNGARO, Order On Motion to Dismiss at 3.

This Court agrees with Judge Ungaro's reasoning.[1] Judge Ungaro found that the common meaning of "provide" is "'to furnish or supply.'" <u>Id.</u> (quoting The American Heritage Dictionary of the English Language (4th ed. 2004)). Accordingly, Judge Ungaro found that "the merchant copy of a receipt is 'presented to' the cardholder for his signature but is not 'provided to' such cardholder because the cardholder is not supplied with the merchant copy for retention. The cardholder is only supplied with the

---

[1] The Court notes that another district court has also taken the position that § 1681c(g) only applies to "customer copies." See <u>Ehrheart v. Bose Corp.</u>, 2008 WL 64491, *4 n.4 (W.D. Pa. Jan. 4, 2008) (noting that FACTA "specifically excludes merchants' copies of receipts from the truncation requirement").

3

customer copy." Id.  Judge Ungaro declined to review the legislative history of FACTA based on her determination that "the plain meaning of the statute is clear." Id. (citing U.S. v. Veal, 153 F.3d 1233, 1245 (11th Cir. 1998) (stating that "[r]eview of legislative history is unnecessary unless a statute is inescapably ambiguous") (citations omitted)).

The plain meaning of the statute is further elucidated by considering all of the circumstances to which it applies.  Section 1681c(g) applies to credit card transactions that take place in restaurants, such as the present case, as well as retail transactions.  Plaintiff's interpretation of the statute (i.e., that a "merchant copy" presented to a customer for his signature is "provided to" that customer) is even more strained in the retail context where the "merchant copy" is handed back to the cashier immediately after it is signed by the customer.  Simply because in a restaurant the server steps away for a moment to allow the patron to write in the amount of the tip and sign his or her name does not alter the fact that the "merchant copy" is to be returned to the server rather than "provided to" the customer.  Indeed, even the Plaintiff acknowledges that the decision to take home the "merchant copy" (as opposed to the "customer copy") was made "in error."  (Pl.'s Resp. at 7.)

Plaintiff argues that it "makes equal sense for the receipts the merchants keep for their records to be truncated as well to protect the consumer."  (Pl.'s Resp. at 8.)  To illustrate this point, Plaintiff discusses examples of identity theft which occur because credit card information is obtained from records kept by merchants.  (Id. at 8-9.)  The Court rejects this argument for two reasons.  First, Plaintiff's reasoning focuses only on the risk of identify theft and ignores that their may be legitimate reasons for a merchant to keep information that is unnecessary to the customer.  For example, at some point

4

after the transaction, "if a question arises, such as the validity of a transaction, the identity of the purchaser, or in the case of a return, full information may be necessary." Ehrheart, 2008 WL 64491 at *4.  Second, and more to the point, if Congress sought to apply the truncation requirement to the "receipts the merchants keep for their records," (Pl.'s Resp. at 8), then there would be no reason to include language that limited the requirement to receipts that are "provided to the cardholder."  15 U.S.C. § 1681c(g).  In interpreting the language of statutes, courts "must assume that Congress used the words of the statute as they are commonly and ordinarily understood and must construe the statute so each of its provisions is given full effect."  U.S. v. McLymont, 45 F.3d 400, 401 (11th Cir. 1995) (per curiam).  Therefore, the Court finds that Plaintiff's action must be dismissed because it is based solely on a "merchant copy" of a credit card receipt which is exempt from the unambiguous language of § 1681c(g).

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Plaintiff's Complaint [DE 12] is **GRANTED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 18th day of November, 2008.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record